## No. 2126.
## Second Circuit Appeal.

## W. P. RISER v. HENRY DOBBINS.
## HARRIS NEWSOM, Warrantor.

(June 6, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625, 635.**
   Where the weight of evidence supports the conclusion of the district judge that the transaction in question was a sale and not a pledge, the decision will be affirmed accordingly.

Appeal from Fifth Judicial District Court of Louisiana, Parish of Winn, Hon. R. W. Oglesby, Judge.

In this case plaintiff sued out a writ of sequestration and had seized under the writ one mule, claimed by Henry Dobbins, the defendant. Dobbins claims the mule by reason of having bought same from Harris Newsom, called in warranty.

Newsom claims to have bought the mule from plaintiff for $40.00.

On these issues the case was tried and there was judgment in favor of defendant and warrantor and plaintiff appealed.

Judgment affirmed.

Moss and Peters of Winnfield, attorneys for plaintiff, appellant.

Pearce and Fuller, of Winnfield, attorneys for defendant, appellee.

A. Leonard Allen, of Winnfield, attorney for warrantor, appellee.

REYNOLDS, J. In this case plaintiff sued out a writ of sequestration and had seized under the writ one mule, claimed by Henry Dobbins, the defendant.

Dobbins claims the mule by reason of having bought same from Harris Newsom, called in warranty.

Newsom claims to have bought the mule from plaintiff for $40.00.

On these issues the case was tried and there was judgment in favor of defendant and warrantor and plaintiff appealed.

OPINION

The question presented in this case is one of fact as to whether or not a transaction between plaintiff, W. P. Riser, and warrantor, Harris Newsom, under which the mule was delivered by Riser to Newsom, was a sale or a pledge.

Riser swears positively that he delivered the mule to Newsom as a security.

Newson swears just as positively that he bought the mule from Riser for the price of $40.00 and that the mule was turned over to him at the time of the transaction.

The district judge, who knew the witnesses and heard them testify and was in position to observe their demeanor while they were testifying, decided the case in favor of the warrantor's contention that the transaction under which the mule was turned over to him was a sale.

We have carefully gone over all of the evidence and in our opinion the weight of the evidence supports the conclusion of the district judge.

Plaintiff insists that the items mentioned by the warrantor as being the consideration for the sale of the mule were not paid and had not come into existence at the date the warrantor claims to have bought the mule; but in our opinion this is not important, for under the warrantor's evidence the thing, the mule, the price, $40.00, and the consent of the contracting parties, were all present and agreed upon at the time of the transaction; and even if the warrantor later failed to pay the price in accordance with his agreement that would not annul the sale. Plaintiff's remedy would be a suit for the price, or otherwise a suit to annul the sale for failure to pay the purchase price. Under no condition could he disregard the sale or pledge and sequester the mule in the hands of a good faith purchaser in open market in due course of trade.

If plaintiff's contention that he only delivered the mule to Harris Newsom as a pledge or security for debt is true, still his suit would have to fall for he could not disregard his pledge obligation and sequester the mule until he had discharged the pledge obligation, or at least offered to do so, and he does not pretend to have done either.

The judgment of the lower court is correct and it is affirmed at plaintiff's costs.